```
            UNITED STATES DISTRICT COURT
               DISTRICT OF MINNESOTA
             Criminal No. 17-324(DSD/KMM)
```

United States of America,

       Plaintiff,

v.                                          **ORDER**

Ellis Alance Banks,

       Defendant.

    Michelle E. Jones, United States Attorney's Office, counsel for plaintiff.

    Lisa M. Lopez, Office of the Federal Defender, counsel for defendant.

This matter is before the court upon the objections by defendant Ellis Alance Banks to the April 24, 2018, report and recommendation (R&R) of United States Magistrate Judge Katherine Menendez. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court overrules the objections.

## BACKGROUND

The background of this matter is fully set forth in the R&R, and the court incorporates those facts by reference.[1] The magistrate judge recommended that the court deny Banks's motion to suppress statements, admissions, and answers made during his

---

[1] Defendant does not object to the facts as set forth in the R&R, only the application of those facts to the law.

interview with law enforcement on April 1, 2015. The magistrate judge also recommended that the court deny his motion challenging the search warrant underlying the April 1, 2015, search of his home.

## DISCUSSION

The court reviews the report and recommendation of the magistrate judge de novo. 28 U.S.C. § 636(b)(1)©; Fed. R. Crim. P. 59(b); D. Minn. LR 72.2(b).

### I. Admissibility of Statements

Banks first objects to the magistrate judge's conclusion that his statements to officers while at his home are admissible. Banks argues that the statements were the product of a custodial interrogation and should be suppressed because he was not read his <u>Miranda</u> rights. Specifically, Banks argues that the magistrate judge did not properly weigh the following facts: (1) he was summoned by law enforcement to come home to speak with officers, three officers asked him questions, (2) when he returned home, the scene was dominated by law enforcement officers, (3) IRS Special Agent Pitzen, who questioned him, visibly carried a firearm, and (4) he had nowhere to go to had he decided to leave. The magistrate judge, having heard testimony regarding the interview, determined that under the totality of the circumstances, Banks was not in custody when he made the incriminating statements at his

home.  The court agrees.

"Officers must inform suspects of their Miranda rights before subjecting them to custodial interrogations.  Failure to do so results in a violation of the suspect's Fifth Amendment rights and renders any statement gained from the violation inadmissible in the government's case-in-chief."  United States v. Sanchez, 676 F.3d 627, 630 (8th Cir. 2012) (citation omitted).  In determining whether an interrogation was custodial, the court considers several factors, including:

> (1) whether the suspect was informed at the time of questioning that the questioning was voluntary, that the suspect was free to leave or request the officers to do so, or that the suspect was not considered under arrest; (2) whether the suspect possessed unrestrained freedom of movement during questioning; (3) whether the suspect initiated contact with authorities or voluntarily acquiesced to official requests to respond to questions; (4) whether strong arm tactics or deceptive stratagems were employed during questioning; (5) whether the atmosphere of the questioning was police dominated; [and,] (6) whether the suspect was placed under arrest at the termination of the questioning.

United States v. Griffin, 922 F.2d 1343, 1349 (8th Cir. 1990).  "The analysis depends upon a review of the totality of the circumstances, and [t]he ultimate test is whether a reasonable person in that position would have felt free to end the interview." Sanchez, 676 F.3d at 630-31 (alteration in original) (citation and internal quotation marks omitted).

3

Here, the Griffin factors support the Magistrate Judge's recommendation. First, the officers appear to have repeatedly informed Banks that he (1) was free to leave, (2) did not have to answer their questions, and (3) was not under arrest.[2] Agent Pitzen even read him a "noncustody statement of rights" which informed Banks of his right to counsel and right against self-incrimination. Banks acknowledged that he understood his rights and continued to speak with officers. Second, the record does not support a finding that Banks's movement was restrained during his discussion with the officers. The officers interviewed him on his couch and he never asked to leave or move to another room. Third, although officers requested that Banks return home, he voluntarily did so and voluntarily spoke with them. Fourth, no strong arm tactics or deceptive stratagems were employed during questioning, as Banks was forthcoming under normal questioning. Fifth, although there were numerous law enforcement officers at his home during the interview, only two officers were involved in the interview and the others were in other parts of his home executing the search warrant. Sixth and finally, Banks was not arrested after the interview. See United States v. Galceran, 301 F.3d 927, 931 (8th Cir. 2002) ("Lack of arrest is a 'very important' factor weighing against custody."). Given these facts, the court cannot conclude

---

[2] The court has reviewed the hearing transcript in its entirety.

that the interview constituted a custodial interrogation. As a result, the court overrules Banks's objection.

**II. Search Warrant**

Banks also objects to the Magistrate Judge's recommendation that the court deny his motion challenging the propriety of the underlying search warrant. Banks does not raise specific objections to the recommendation, but argues that the search warrant lacked a substantial basis for finding probable cause. Based on the record, the court disagrees. This objection is also overruled.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. The R&R [ECF No. 46] is adopted in its entirety;

2. Defendant's objections to the report and recommendation [ECF No. 47] are overruled; and

3. Defendant's motions to suppress [ECF Nos. 25 and 26] are denied.

Dated: May 14, 2018

s/David S. Doty
David S. Doty, Judge
United States District Court
