UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.: 17-324 (DSD/KMM)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | PLEA AGREEMENT AND |
| | ) | SENTENCING STIPULATIONS |
| v. | ) | |
| | ) | |
| ELLIS ALANCE BANKS, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America and Ellis Alance Banks (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.  **Charges**. The defendant agrees to plead guilty to Counts 1 and 9 of the Indictment, which charge the defendant with conspiracy to defraud the United States and aggravated identity theft, in violation of Title 18 U.S.C. §§ 286 and 1028A, respectively. The United States agrees to move to dismiss the remaining counts at the time of sentencing.

2.  **Factual Basis**. The United States and the defendant agree on the following factual basis for the plea:

   a.    Beginning at least on or about January 31, 2013, and continuing until at least on or about May 28, 2016, in the State and District of Minnesota, the defendant entered into an agreement, combination and conspiracy with others to defraud the United States, by obtaining and aiding to obtain the payment and allowance of false, fictitious and fraudulent claims on behalf of others, by submitting false claims for



income tax refunds with the United States Department of the Treasury through the Internal Revenue Service.

b.  The purpose of the conspiracy was to obtain money, in the form of fraudulent income tax refunds, by filing income tax returns that reported false or inflated income, false education credits and false dependents.

c.  It was part of the conspiracy that the defendant and others obtained personal identifying information, including dates of birth and social security numbers, of individuals for use in filing fraudulent income tax returns.

d.  It was further part of the conspiracy that the defendant prepared and electronically filed fraudulent income tax returns for tax years 2010 through 2015 in the names of the individuals whose personal identifying information he and others obtained. Virtually all of the returns were filed using the tax preparation software Turbo Tax and were transmitted in interstate commerce by means of wire communications.

e.  It was further part of the conspiracy that the defendant reported on the returns false or inflated wage income, false education credits and false dependents in order to qualify the taxpayers for fraudulent income tax refunds.

f.  It was further part of the conspiracy that the defendant, by filing returns containing false information, caused the IRS to issue income tax refunds in the names of the individuals whose information he and others obtained and used, and to which the taxpayers were not entitled.

g.  It was further part of the conspiracy that the defendant recruited individuals to open bank accounts to be used for the deposit of the fraudulent tax refunds issued based on the false and fraudulent tax returns filed by the defendant.

U.S. v. Ellis Alance Banks
Plea Agreement

h.  It was further part of the conspiracy that the defendant caused the refunds to be deposited onto prepaid debit cards or into bank accounts of other individuals and to which the defendant had access.

i.  The defendant agrees that as part of the scheme, he filed numerous fraudulent claims seeking income tax refunds and that the tax loss is between $250,000 and $1,504,042.

j.  During the course of executing the scheme to defraud the Internal Revenue Service, on January 28, 2016, the defendant knowingly possessed and used a means of identification of another person, specifically, the name and social security number of a known individual identified by the initials J.K., to file a federal income tax return electronically using the Internet from the State of Minnesota during and in relation to the crime of wire fraud, in violation of 18 U.S.C. § 1343.  At the time he filed the tax return, the defendant possessed and used the above means of identification of J.K. without lawful authority knowing that it belonged to an actual person.  The return was received at the IRS Service Center in Kansas City, Missouri.

3.  **Statutory Penalties**. The parties agree that Counts 1 and 9 of the Indictment carry statutory penalties of:

**Count 1**:

a.  a maximum term of imprisonment of 10 years;

b.  a maximum supervised release term of 3 years;

c.  a fine up to $250,000, or twice the gross gain or loss generated by the offense, whichever is greater;

d.  a mandatory special assessment of $100;

e.  payment of mandatory restitution in an amount to be determined by the Court.

**Count 9:**

A term of imprisonment of two years consecutive to any other term of imprisonment imposed on Count 1.

4.  **Revocation of Supervised Release**. The defendant understands that if defendant were to violate any condition of supervised release, defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

5.  **Guideline Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, et seq. Nothing in this plea agreement should be construed to limit the parties from presenting all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guidelines calculations:

   a.   Applicable Guidelines. The applicable version of the Sentencing Guidelines incorporates amendments through November 2016. Guideline Section 2T1.1 applies to Count 1. *See* U.S.S.G. § 2B1.1(c)(3).

   b.   Base Offense Level. The parties do not agree about the base offense level for conspiracy to defraud the United States in this case. The defendant believes that the base offense level is 18 because the tax loss is more than $250,000 but not more than $550,000. U.S.S.G. §§ 2T1.1(a)(1) and 2T4.1(G). The United States believes that the base offense level is 22 because the tax loss is more than $1,500,000 but less than $3,500,000. U.S.S.G. §§ 2T1.1(a)(1) and 2T4.1(I).

   c.   Specific Offense Characteristics. The parties agree that the offense level should be increased by 2 levels because the defendant failed to report or correctly identify the source of income exceeding $10,000 in any year from criminal activity. U.S.S.G. §§ 2T1.1(b)(1).

4

d.      Chapter 3 Adjustments.

Role in the offense:  The government believes that the offense level should be increased by 4 levels, because the defendant was a leader or organizer of criminal activity that involved 5 or more participants or was otherwise extensive.  U.S.S.G. § 3B1.1(a).  The defendant does not agree to this enhancement and reserves the right to challenge it.

Acceptance of Responsibility. The government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and to move for an additional 1-level reduction under § 3E1.1(b).  The Court in its discretion shall determine whether there will be a reduction for acceptance of responsibility.   However, the defendant understands and agrees that the government's recommendation is conditioned upon the following:  (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing.

Other than as set forth herein, the parties believe that no other specific offense characteristics or adjustments apply.

e.      Criminal History Category. Based on information available at this time, the parties believe that the defendant's criminal history category is III.  This does not constitute a stipulation, but a belief based on an assessment of the information currently known.  Defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing.  The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence that should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement.  U.S.S.G. § 4A1.1.

f.      Guideline Range.

Count 1:  The adjusted offense level is 17, 21 or 25 and the criminal history category is III, resulting in a Sentencing Guidelines range of 30 months to 87 months of imprisonment.

Count 9:  Two years of imprisonment consecutive to the sentence imposed on Count 1.

g.  Fine Range. Depending on the adjusted offense level, the fine range is between $5,000 and $100,000.  U.S.S.G. § 5E1.2(c)(3) and (h)(1).

h.  Supervised Release. The Sentencing Guidelines require a term of supervised release of one to three years.  U.S.S.G. § 5D1.2(a)(2).

i.  Sentencing Recommendation and Departures. The parties reserve the right to make a motion for departure(s) from the applicable Guidelines range and to oppose any such motion made by the opposing party. The parties reserve the right to argue for a sentence outside the applicable Guidelines range.

6.  **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court.  The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category.   The Court may also depart from the applicable Guidelines range.   If the Court determines that the applicable guidelines calculations or the defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

7.  **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of which the defendant is convicted.  U.S.S.G. § 5E1.3.  The defendant agrees to pay the $200 special assessment prior to sentencing.

U.S. v. Ellis Alance Banks
Plea Agreement

8.    **Restitution**. The defendant understands and agrees that the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, applies and that the Court is required to order the defendant to make restitution to the victim(s) of his crime.  The defendant and the government agree that as of the date of this agreement the amount of restitution is $1,252,503.79.  The defendant represents that the defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest.  The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution and fines ordered by the Court.

Within 30 days after entry of a guilty plea, the defendant agrees to complete and provide to the United States Attorney's Office a complete and truthful financial statement.

9.    **Restitution-Based Civil Assessment**. The defendant understands that, if the Court orders the defendant to pay restitution to the IRS for the failure to pay tax, either directly as part of the sentence, or as a condition of supervised release or probation, the IRS will use the restitution order as the basis for a civil assessment.  *See* 26 U.S.C. § 6201(a)(4)(C).  Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment, including by levy and distraint under 26 U.S.C. § 6331.  Interest on the restitution-based assessment will accrue under 26 U.S.C. §§ 6601 and 6621 from the last date prescribed for payment of the liability that is the subject of the restitution order to the date that the IRS receives payment.

The defendant further understands that neither this agreement, nor any judgment, order, release, or satisfaction issued in connection with this agreement, will satisfy, settle, or compromise the defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, or interest and penalties, owed to the IRS for the time periods covered by this agreement or for any other time period.

10.    **Waivers of Appeal and Collateral Attack**. The defendant understands that 18 U.S.C. § 3742 affords the defendant the right to appeal the sentence imposed in this case.    Acknowledging this right, and in exchange for the concessions made by the government in this plea agreement, the defendant hereby waives all rights conferred by 18 U.S.C. § 3742 to appeal defendant's sentence, if the Court imposes a sentence at or below 111 months of imprisonment.  In addition, the defendant agrees that the guilty plea pursuant to this Agreement is a final resolution of the issue of guilt.  The defendant understands that there will not be a trial of any kind on the issue of guilt and waives his right to appeal any judgment of guilt and conviction in this matter.  Further, the defendant expressly waives the right to petition under 28 U.S.C. § 2255, except for a claim of ineffective assistance of counsel.  The defendant has discussed these rights with the defendant's attorney.  The defendant understands the rights he is waiving and waives these rights knowingly, intelligently, and voluntarily.

11.    **FOIA Requests**.  The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

12. **Complete Agreement**. This, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

Date: May 24, 2018

GREGORY G. BROOKER
United States Attorney

BY: MICHELLE E. JONES
Assistant U.S. Attorney

Date: May 24, 2018

ELLIS ALANCE BANKS,
Defendant

Date: May 24, 2018

LISA M. LOPEZ, AFD
Counsel for Defendant